**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 15 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN CHAPARRO-GARCIA, | No. 12-73510 |
| Petitioner, | Agency No. A070-132-868 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2016[**]
San Francisco, California

Before: WALLACE, NOONAN, and BERZON, Circuit Judges.

Ivan Chaparro-Garcia, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' (Board) final order affirming the decision of

the Immigration Judge (IJ) denying his application for deferral of removal under

Article III of the Convention Against Torture (CAT). When the Board affirms the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's order without opinion, we review the IJ's decision as the final agency action, *Tapia v. Gonzalez*, 430 F.3d 997, 999 (9th Cir. 2005), and review the IJ's determination of purely legal questions *de novo*. *Id.* We deny the petition for review.

To qualify for relief under the CAT, Chaparro-Garcia must establish that it is more likely than not that he would be tortured if returned to Mexico. 8 C.F.R. § 208.16(c)(2); *Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011). Chaparro-Garcia's generalized evidence of violence and crime in Mexico is not particular to Chaparro-Garcia as an "Americanized Mexican," or a former co-defendant of unknown criminals, and is insufficient to meet this standard. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Chaparro-Garcia also failed to demonstrate that he would more likely than not be tortured by or with the consent or acquiescence of a public official. 8 C.F.R. § 1208.18(a)(1); *Nuru v. Gonzalez*, 404 F.3d 1207, 1216 (9th Cir. 2005).

Substantial evidence supports the agency's determination that Chaparro-Garcia failed to show he was eligible for CAT relief. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). Chapparo-Garcia, though found credible by the IJ in his fear of his past co-defendants, does not know their names or whether they are in Mexico or the United States, and has not been threatened by them in the past.

The evidence does not compel the conclusion that Chaparro-Garcia would be tortured upon return to Mexico because he is an "Americanized Mexican" or would be targeted by his past co-defendants.

**PETITION FOR REVIEW DENIED.**